IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOIZ FOOD MART, INC. | § | |
| | § | |
| VS. | § | CASE NO. _____ |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY and JASON HODGE | § | |

## NOTICE OF REMOVAL

COMES NOW, Defendants, COVINGTON SPECIALTY INSURANCE COMPANY and JASON HODGE ("Defendants") and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.   BACKGROUND

1.      On August 31, 2017, Plaintiff Moiz Food Mart, Inc. ("Plaintiff") filed this action in the 131st Judicial District Court of Bexar County, Texas, bearing cause no. 2017CI16816 (the "State Court Action") against Defendants.  Plaintiff's Original Petition (the "Complaint") filed on August 31, 2017, is the live pleading in this case.  (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1664(a) as **Exhibit C-1**.)

2.      Defendant Hodge was served with Plaintiff's Complaint on September 15, 2017. Defendant Covington was served with Plaintiff's Complaint on September 18, 2017. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendants, it being filed not more than thirty (30) days after service of the Complaint on Defendants, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.      Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Covington, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Complete diversity exists between Plaintiff and the properly joined defendant, Covington.**

4.      Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiff alleges in the Complaint that it is domiciled in the State of Texas.[1]

6.      Defendant Covington Specialty Insurance Company ("Covington") is a surplus lines insurance company engaged in the business of insurance in the State of Texas, and is incorporated in New Hampshire and has its principal place of business in Atlanta, Georgia; therefore, Covington is a citizen of New Hampshire and Georgia.

7.      The only named defendant with any ties to Texas is the individual adjuster, who is employed by another company which has not been sued, Jason Hodge ("Hodge").

8.      Thus, there is complete diversity of citizenship between Plaintiff and the only properly joined defendant, Covington.

**B.   Hodge was improperly joined.**

   ***i.      Applicable standard for improper joinder.***

9.      The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[2]  Under Section 1441(b), while complete diversity of citizenship must

---

[1] See Complaint at  ¶ 1:2.

exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[3] The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premises on diversity jurisdiction by an improperly joined, non-diverse defendant."[4] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[5] "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[6] "A defendant may submit, and the court may consider, affidavits, and deposition transcripts in support of the defendant's removal petition."[7]

10.     Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[8] In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might

---

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 204).

[4] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[5] *Smallwood*, 385 F.3d at 572.

[6] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).

[7] *TAJ Property, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

[8] *Smallwood*, 385 F.3d at 572; *Canto v. Wachovia Mortg., FSB*, 641 F. Supp.2d 602, 606 (N.D. Tex. 2009).

be able to recover against an in-state defendant."[9] "This possibility [of recovery], however, must be reasonable, not merely theoretical."[10] "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[11]

11.     The Fifth Circuit Court of Appeals has held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[12]  A plaintiff fails to state a claim upon which relief may be granted as required under Federal Rule Civil Procedure 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[13]  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

---

[9] *Smallwood*, 385 F.3d at 572.

[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[12] *Int'l Energy Ventures Management, LLC v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 SL 2918107, at *2 (N.D. Tex. May 18, 2016).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

[14] *Id.*

[15] *Id.* at 678.

[16] *Id.*

12.     To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[17]  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18]  The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[19]  The United States Supreme Court has made clear that a plaintiff is obliged to produce "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[20]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[21]

ii.     *There is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Hodge; therefore Hodge was improperly joined.*

13.     There is no reasonable basis to predict that Plaintiff might be able to recover on any of their claims against Hodge, the adjuster assigned to inspect the alleged damage to the property at issue in this case.  Several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violations of the Code unless he causes an injury distinguishable from the insurer's actions."[22]  "In other words, **the adjuster must have committed some act prohibited by the statute, not just be connected to**

---

[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).

[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[19] *Collins*, 224 F.3d at 498.

[20] *Twombly*, 550 U.S. at 555 (emphasis added).

[21] *Iqbal*, 556 U.S. at 667.

[22] *Aguilar v. State Farm Lloyds*, No, 4:15-CV-565-A, 2014 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No, 4:13-CV-1413, 2014 WL 710458, at *3 (S.D. Tex. 2014) and *Novelli v. Allstate Tex. Lloyd's*, 2012 WL 949675, at *4-5 (S.D. Tex. 2012)).

an insurance company's denial of coverage."[23]  Further, "**post loss statements regarding coverage are not misrepresentations under the Insurance Code.**"[24] There must be facts pled which support that there was an **actual independent injury** caused by the actions of the independent adjuster alone.[25]  "These claims also require a showing of independent injury--*i.e.*, an insured can only recover for § 541.060 violations if the insurer's complained of actions caused injury independent of a wrongful denial of policy benefits."[26]

### a.    Chapter 541 of the Texas Insurance Code

14.    In its Complaint, Plaintiff alleges –without distinction--- that both Defendants violated sections of the Texas Insurance Code: 541.060 and 541.061.[27]  Without enumerating which Defendant allegedly committed which violation, Plaintiff alleges that both Defendants:

(1) mispresented material facts or policy provisions relating to coverage;

(2) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

(3) failed to promptly provide a reasonable explanation of the basis of the policy;

(4) failed to affirm/deny claim in a reasonable time frame;

(5) failed to conduct a reasonable investigation;

(6) made untrue, misleading statements of material facts and laws;

(7) failed to disclose a matter required by law to be disclosed.[28]

---

[23] *Id*. (citing *Messersmith*, 10 F.Supp.3d at 724) (emphasis added).

[24] *Id.* (citing *Tex. Mut. Ins. Co. v. Ruttinger*, 381 S.W.3d 430, 445-56 (Tex. 2012); *One Way investments, Inc. v. Centry Surety Co.*, 2014 WL 6991277, at *4-5 (N.D. Tex. Dec. 11, 2014)) (emphasis added).

[25] *Nabors v. Am. Reliable Ins. Co.,* 2017 WL 2463277 at *5 (N.D. Tex June 27, 2017); *Admiral Insurance Company v. Petron Energy, Inc.*, 1 F. Supp. 3d 501, 503 (N.D. Tex. 2014)(emphasis added).

[26] *Admiral Ins.,* Id. at 503.

[27] *See* Complaint at  ¶¶ 6:26-27.

15.     Then, in Section III.B. of the Complaint, Plaintiff attempts to state Hodge's individual liability, but wholly fails to set forth any specific facts to support a distinct claim for Hodge's separate liability.[29]

### 1. Section 541.061: No facts to support allegation Hodge misrepresented the policy.

16.     First, the Complaint is void of any fact at all which supports any alleged claim against Hodge pursuant to Section 541.061 "MISREPRESENTATION OF INSURANCE POLICY." [30]   As mentioned above, other than conclusory allegations made against both Defendants simultaneously, there are no separate facts within the Complaint pertaining to what Hodge allegedly misrepresented about the policy in particular.[31]   As such, Plaintiff has not complied with the pleading requirement in its claims against Hodge under Section 541.061.

### 2. Section 541.060:  No fair notice what Hodge allegedly violated.

17.     Second, Section 541.060(a) sets forth nine (9) distinct actions which constitute "Unfair Settlement Practices." [32]   Once again, Plaintiff wholly fails to give fair notice to Defendants of which of the nine (9) separately delineated unfair settlement practices in the Insurance Code Hodge allegedly violated.   Rather, Plaintiff makes vague and conclusory statements regarding Hodge's alleged failure to properly investigate the claim, and nothing else.[33] Even To wit, the Complaint contains no facts which support Hodge's actions/inactions

---

[28] *Id.* At ¶ 6:26-27.

[29] *Id.* At ¶¶ 7:29-34.

[30] *See Complaint in its entirety.*

[31] *See Complaint in its entirety.*

[32] Tex. Ins. Code, Sec. 541.061(a)(1)- (9).

[33] *See Complaint,* 7:29-30, 8:31-34.

were attributable to an "unfair settlement practice" as 541.060 requires.[34]

18.     Instead, without an indication of which alleged action by Hodge violated which provision of the Texas insurance Code, Plaintiff in Section IIIB of the Complaint, vaguely contends that Hodge misrepresented the scope of damages, cost of repairs, did an incomplete investigation, and produced an "outcome oriented report."[35]   These allegations are made without any specific facts which would establish the allegation that Hodge is somehow liable individually.

19.     The majority of the claims against Hodge as an individual, i.e. separate and apart from Covington's liability,  fail at face value:

a. 541.060(a)(1) and (2): No facts are pled to support a violation of either of these two sections by Hodge, individually.  As stated above, there are no allegations Hodge misrepresented the provisions of the insurance policy required to make an allegation under Section 541.060(a)(1).   Similarly, Plaintiff pleads no facts to support an allegation under Section 541.060(a)(2), i.e. failing to effectuate a settlement, with regard to Hodge on an individual basis.

b. 541.060(a)(3):  As a matter of law, Plaintiff cannot maintain a violation against Hodge under Section 541.060(a)(3).  This section provides that it is an unfair settlement practice to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]"[36]  The Court in *Mainali Corp. v.*

---

[34] Tex. Ins. Code, Sec. 541.060(a)(1).

[35] *See Complaint,* 7:29-30, 8: 31-34.

[36] Tex. Ins. Code § 541(a)(3).

*Covington Specialty Ins. Co.* held that "an adjuster cannot be held liable under §
541.060(a)(3) because an adjuster has no obligation to provide to a policyholder a
reasonable explanation of the basis in the policy for the insurer's denial of a claim, or
offer of a compromise or settlement of a claim."[37]   Further, just like the Complaint in
*Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* <u>wherein improper joinder was
established</u>, Plaintiff's Complaint in the case at bar does not set forth any alleged
misrepresentations by Hodge other than what is related solely to his investigation and
scope of the loss, and not the coverage provided by the insurer.[38]   For these same reasons,
the Court in this case should determine that Plaintiff failed to state a claim against Hodge
under Section 541.060(a)(3).   Hodge, as the adjuster, also had no obligation to provide
Plaintiff with a reasonable explanation of the basis in the policy for the insurer's
determining regarding the claim, and neither did Hodge have authority to offer a
compromise or settlement of the claim.

c.  <u>541.060(a)(4), 541.060(a)(5), and 541.060(a)(6)</u>:   Plaintiff's Complaint does not
encompass or mention these three unfair settlement practices within the Insurance Code,
much less cite specific facts supporting these claims against Hodge, individually.[39]

d.  <u>541.060(a)(7)</u>:   Section 541.060(a)(7) prohibits "refusing to pay a claim without
conducting a reasonable investigation with respect to the claim."[40]   While Plaintiff has
alleged Hodge's investigation was substandard in all respects,    Plaintiff has failed to

---

[37] *Mainali Corp. v. Covington Specialty Ins. Co*, 2015 WL 5098047, at *4 (N.D. Tex.
Aug. 31, 2015).

[38] *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co,* 2016 WL 931217, at *9-10.
(N.D. Tex. March 11, 2016).

[39] Tex. Ins. Code § 541.060(a)(4)-(6).

[40] Tex. Ins. Code § 541.060(a)(7).

state specific facts that Hodge "refused to pay a claim" on his own, which resulted in an independent injury.[41]  The court in *Messersmith* held "the bad behavior that the statute targets is an <u>insurer's</u> refusal to pay under certain circumstances."[42]  The court further held that "[t]hose who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation."[43]  Here, Plaintiff has not and cannot allege Hodge is "the insurance company" or an "individual at the insurance company" such that he would be liable under Section 541.060(a)(7).

20.     Hodge's alleged actions are – and as pled – indistinguishable from Covington's alleged actions concerning the investigation into Plaintiff's insurance claim asserted against Covington.  For these reasons, and the reasons detailed below, Hodge was improperly joined.

### b.     Chapter 542 of the Texas Insurance Code.

21.     Second, Plaintiff alleges that Hodge also violated the following sections of the Texas Insurance Code Section 542.[44]  However, again, no facts specific to Hodge's actions are alleged with regard to Section 542.[45] Chapter 542, otherwise known as the Prompt Payment of Claims Act, specifically limits recovery for violations of this section to **insurers** only.[46]  Because Hodge is not an insurer, he cannot be liable for alleged violations of Chapter 542.[47]  Therefore,

---

[41] *See Complaint in its entirety.*

[42] *Messersmith v. Nationwide Mut. Fire Ins. Co*, 10 F.Supp.3d 721, 725.

[43] *Id.*

[44] *See* Complaint at ¶¶ 7:29.

[45] *Id.*

[46] Tex. Ins. Code § 542.060(a).

there is no reasonable basis to believe that Plaintiff will be able to recover on their claims that Hodge allegedly violated Chapter 542 of the Texas Insurance Code.[48]

**C.      Amount in Controversy Exceeds $75,000.**

22.      Plaintiff seeks monetary relief "over $200,000 but not more than $1,000,000…"[49] Because the face of the Complaint establishes that Plaintiff seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)-(B) is satisfied.

### III.   CONSENT TO REMOVAL

23.      All Defendants join in or consent to the removal of this case to federal court.  28 U.S.C. § 1446(b)(2)(A).  Consent of Defendant, Hodge, is not required because he has not been properly joined to this lawsuit; however, to the extent consent is required, and service has been effectuated, this Defendant consents to this removal.  *See Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).

### IV.   VENUE

24.      Venue for removal is proper in this district and division because this district embraces the 131 Judicial District in Bexar County, the forum in which the removed action was pending.

---

[47] *Messersmith v. Nationwide Mut. Fire Ins. Co*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) ("[T]he Prompt Payment of Claims Act applies only to insurers.  *See* Tex. Ins. Code § 542.060(a) (limiting the relevant law to insurers.  [The adjuster] is not an insurer so she cannot be held liable under it.")

[48] *See id.*

[49] *See* Complaint at ¶ 2.6.

## V.   ATTACHMENTS

25.     Covington and Hodge have provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and have also provided notice to the Clerk of the Court for the 131st Judicial District Court of Bexar County Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

26.     Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

27.     The following documents are being filed with this Court as exhibits to this Notice of Removal:

**A.     Listing of all parties and counsel of record;**

**B.     Civil cover sheet;**

**C.     A copy of Plaintiff's Original Petition (C-1); return of service of process on Covington (C-2); return of service on Hodge (C-3); Notice of Filing of Notice of Removal (C-4); and a copy of the state court docket sheet (C-5).**

WHEREFORE, Defendants, Covington Specialty Insurance Company, and Jason Hodge respectfully pray that this cause be removed to this Court and this Court accept jurisdiction of this action.  Defendants further pray that this Court place this action on its docket for further proceeds as though it had originated in this Court and that this Court issue all necessary orders.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


_____/ s / Joelle G. Nelson_____
JOELLE G. NELSON
Texas Bar No.: 24032501
JANE HAAS
Texas Bar No.: 24032655
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
joelle.nelson@lewisbrisbois.com
jane.haas@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS
COVINGTON SPECIALTY INSURANCE
COMPANY and JASON HODGE**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by electronic filing, certified mail, and/or facsimile on this the 9th day of October, 2017.

_**Counsel for Plaintiff**_
Marc K. Whyte
WHYTE, PLLC
1045 Cheever Blvd., Suite 103
San Antonio, TX 78217
Phone: 210-562-2888
Fax: 210-562-2873
mwhyte@whytepllc.com
jsaenz@whytepllc.com


_____/ s / Jane Haas_____
JANE HAAS