FILED
8/31/2017 7:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

1 cit cml ttc 1 cit cml sac1

CAUSE NO. 2017CI16816

| | | |
|---|---|---|
| MOIZ FOOD MART, INC.<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | 131 JUDICIAL DISTRICT |
| COVINGTON SPECIALTY<br>INSURANCE COMPANY and<br>JASON HODGE<br>Defendants | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

MOIZ FOOD MART, INC., Plaintiff herein, files this Original Petition against Defendants COVINGTON SPECIALTY INSURANCE COMPANY ("COVINGTON") and JASON HODGE ("HODGE") and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.  Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas. Said property is located at: 1503 S. Presa Street, San Antonio, Texas 78201.

2.  **COVINGTON SPECIALTY INSURANCE COMPANY** is a foreign corporation, authorized to engage in the insurance business in the State of Texas, and who issued a policy of insurance to Plaintiff named above. The Defendant may be served by serving **the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701; WHO SHALL THEN SERVE** Edward T. Smith, Esq at Mendes & Mount, LLP, 750 Seventh Ave., New York, NY 10019-6829. Service is requested by certified mail, return

1



receipt requested at this time for <u>both</u> Citations to the Commissioner of Insurance and Edward T. Smith.

3. Defendant, **JASON HODGE**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O JASON HODGE, 45 NE Loop 410, Suite 235, San Antonio, Texas 78216.

## II. DISCOVERY

4. This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7. Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim

occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8. Plaintiff is a named insured under a commercial property insurance policy issued by COVINGTON SPECIALTY INSURANCE COMPANY..

9. On or about SEPTEMBER 26, 2016, a storm hit the BEXAR County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10. Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11. JASON HODGE was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, and prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. JASON HODGE's unreasonable investigation led to the denial of Plaintiff's claim.

13. Moreover, COVINGTON and HODGE performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14. Plaintiff requested that Defendant COVINGTON cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

## VI. CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following:

**I.    Breach of Contract (COVINGTON SPECIALTY INSURANCE COMPANY Only)**

16. COVINGTON SPECIALTY INSURANCE COMPANY had a contract of insurance with Plaintiff. COVINGTON breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

17. As a result of HODGE's material misrepresentation, COVINGTON wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, COVINGTON breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18. To date, Defendant COVINGTON continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

19. Defendant COVINGTON failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant COVINGTON's conduct constitutes a breach of the insurance contract between COVINGTON and Plaintiff.

**II.   Prompt Payment of Claims Statute (COVINGTON SPECIALTY INSURANCE COMPANY Only)**

20. The failure of COVINGTON to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et*

*seq.* of the Texas Insurance Code.

21. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms COVINGTON reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following COVINGTON's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

23. Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on SEPTEMBER 26, 2016. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

III. **Unfair Settlement Practices / Bad Faith (COVINGTON SPECIALTY INSURANCE COMPANY and JASON HODGE)**

   A. **Actionable Conduct of Defendant (COVINGTON SPECIALTY INSURANCE COMPANY.)**

24. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

25. Defendants violated § 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

26. Defendants violated § 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27. Defendants violated § 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4) making a material misstatement of law; and

   (5) failing to disclose a matter required by law to be disclosed.

28. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

B.   **Actionable Conduct of Defendant (JASON HODGE)**

29.   Defendant HODGE, as a contractor and/or adjuster assigned by COVINGTON to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.   HODGE's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from COVINGTON to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31. Defendant HODGE conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

32. Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33. As a result of HODGE's material misrepresentation, COVINGTON wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, COVINGTON breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34. HODGE failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

IV. Breach of Duty of Good Faith and Fair Dealing Against COVINGTON SPECIALTY INSURANCE COMPANY.

35. Defendant, COVINGTON, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when COVINGTON knew or should have known liability was reasonably clear. Defendant, COVINGTON is therefore liable to Plaintiff.

36. The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

V. Attorneys' Fees

37. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

41. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

42. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

43. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: *M. K. Whyte*
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**