IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOIZ FOOD MART, INC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:17-CV-01009 |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, and JASON HODGE | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSED MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, MOIZ FOOD MART, INC. (Plaintiff), and files this Opposed Motion for Remand and in support thereof, would show the Court as follows:

### FACTS

1.    Plaintiff filed suit in the 131st Judicial District Court of Bexar County, Texas, to recover damages and benefits from their insurer COVINGTON SPECIALTY INSURANCE COMPANY, and adjuster JASON HODGE, concerning a policy of insurance covering Plaintiff's commercial property located at 1503 South Presa Street, San Antonio, Texas 78201.  The policy insured against damage resulting from hail and wind, and it was in effect at the time of Plaintiff's loss that occurred in September of 2016.

2.    Plaintiff promptly reported the loss to the Defendant COVINGTON SPECIALTY INSURANCE COMPANY ("COVINGTON") pursuant to the terms of the insurance policy.  Specifically, Plaintiff reported that the commercial property

sustained storm and related damages including, but not limited to, roof damage to multiple roofs at the property and other exterior damage.

3.      COVINGTON then hired Defendant JASON HODGE ("HODGE") to investigate the loss and adjust the claim on its behalf.  HODGE is a resident of Texas.

4.      Plaintiff contends that Defendants COVINGTON and HODGE have unreasonably delayed and/or denied paying benefits under the policy for the covered loss, have failed to effectuate a prompt, fair and equitable settlement in good faith, have delayed payment in violation of the insurance policy and a variety of other allegations under Texas statutory and common law.  *See* **Exhibit A**, Plaintiff's Original Petition, at pp. 3-7.

5.      Specifically, Plaintiff's allegations against Defendant HODGE pursuant to the Texas Insurance Code are as follows:

- Plaintiff alleges said adjuster (HODGE) made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril.  Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm.  Consequently, Defendant significantly underpaid the claim to the detriment of the insured.  The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.  Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.  The Defendant adjuster misled Plaintiff.  The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.
- HODGE's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from COVINGTON to cover the losses sustained by Plaintiffs

to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

- Defendant HODGE conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

- Further, the above named adjuster in this litigation (HODGE) committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

- As a result of HODGE's material misrepresentation, COVINGTON wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, COVINGTON breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

- HODGE failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

6.      Defendant COVINGTON's Removal asserts two bases: (i) this case involves more than $75,000 in controversy, and (ii) Defendant HODGE, a resident of Texas, has been improperly joined. *See* Defendant's Notice of Removal, p. 2-3.

7.      Plaintiff's Motion to Remand should be granted because Defendant COVINGTON erroneously contends that Defendant HODGE has been "improperly joined." *See* Defendant's Notice of Removal, p. 2-10. As shown above and below, Defendant HODGE has not been

improperly joined, but is a proper party to this case.  As a result, no diversity jurisdiction exists and this case should be remanded to state court.

### TEXAS OR FEDERAL PLEADING STANDARD

8.      In order to determine whether a defendant has been improperly joined, "[t]he Court must first determine what pleading standards, the Texas or federal, will apply under [the] circumstances."  *Esteban v. State Farm Lloyds and Aaron A. Galvan*, 23 F. Supp. 3d 723, 731 (N.D. Tex. 2014).  Texas has a "fair notice" standard and the federal pleading standard under *Twombly* and *Iqbal* is a much more stringent standard.  *Id.* at 732.  Although the Fifth Circuit has not directly addressed which standard should apply, in *De La Hoya v. Coldwell Banker Mex. Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005), the Fifth Circuit applied the Texas "fair notice" standard in an improper joinder issue.  *Id.*  Moreover, numerous federal district courts have applied the Texas "fair notice" standard when addressing the improper joinder issue.[1]  Therefore, "'[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern.' "  *Id.*

9.      In Texas, under the "fair notice" pleading standard, the court must determine:

> 'whether the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant.' [ . . .] A pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b). Furthermore, an original petition should be construed liberally in favor of the pleader, and the court 'should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged.' *Id.*

---

[1] The *Esteban* court applied the Texas pleading standard to determine whether the Plaintiff stated a claim for relief against the independent insurance adjuster Defendant.  23 F. Supp. 3d at 732. In addition, the court cited other federal district courts whom applied the same standard.  *Id.*

4

### IMPROPER (FRAUDULENT) JOINDER STANDARD

10.     "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."  *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  "Where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of proving the claimed fraud . . . ."  *Hart,* 199 F.3d at 246.

11.     As stated in *Travis v. Irby* and explicitly reaffirmed in *Smallwood,* "the test for fraudulent or improper joinder is whether the defendant has demonstrated that there is **no possibility** of recovery by the plaintiff against an in-state defendant."  *McDonal,* 408 F. 3d at 183 (emphasis added); *Smallwood,* 385 F 3d 568;  *Travis*, 326 F. 3d at 648;  *Martin*, 2004 WL 2526425 *3.  Therefore, the burden of persuasion falls squarely on the shoulders of the removing party and the facts alleged in support of "fraudulent joinder" must be plead with particularity and supported by evidence that is clear and convincing.  *Grassi v. Ciba-Geigy*, 894 F. 2nd 181, 184 (5th Cir. 1990); *Hale v. Tata Corp.,* 502 F. Supp. 502, 504 (S.D. Tex. Dec. 4, 1980).

12.     In evaluating fraudulent joinder claims, the Courts "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law ***in favor of the non-removing party.***"  *Id., Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997) (because defendant could have been found liable to Plaintiff under state law, there was no fraudulent joinder).   Although the Court may pierce the pleadings and consider summary judgment-type evidence, the Fifth Circuit has cautioned against "pretrying a case to determine removal jurisdiction . . . .**"**  *Hart*, 199 F.3d at 246 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).   Despite consideration of summary judgment evidence, the Court should still assume "all of the facts set forth by the Plaintiff to be true" and resolve "all uncertainties as to state substantive law against the defendants."  *Id.*

13.     The Court's inquiry is not "'whether the Plaintiff will actually or even probably prevail on the merits of the claim against a particular defendant, **but look only for a possibility that the Plaintiff might do so.' "** *Sid Richardson Carbon & Gasoline Co., v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751(5th Cir. 1996) (quoting *Burden v. General Dynamics Corp*., 60 F.3d 213, 216 (5th Cir.1995)) (emphasis added) (finding that Plaintiff may state a claim against defendant through a theory of piercing the corporate veil). **If "there is even a possibility that a state court would find a cause of action against any one of the named in-state defendants on the facts alleged by the Plaintiff, then the federal court must find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts."** *B, Inc.*, 663 F.2d at 454 (emphasis added).

14.     The Fifth Circuit has consistently noted that because the purpose underlying the improper joinder inquiry "is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 573.  "In other words, while the focus of the improper joinder inquiry examines whether the joinder itself was improper, the purpose of the inquiry must be whether or not there is a possibility of recovery against the local defendant." *McDonal*, 408 F.3d at 184.

15.     In *Smallwood v. Ill. Cent. R.R.,* 342 F.3d 400, 402-03 (5th Cir. (Miss.) 2003), the Fifth Circuit held that "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." A "court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the Plaintiff's and resolve any contested issues of fact and legal ambiguities in the Plaintiff's favor." *Id.* at 403 (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  More importantly, the Court held

[w]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court.

*Id.* at 405 (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990)).

16.     Therefore, the first inquiry in an improper joinder challenge must be whether or not, based on the petition, the Plaintiff intended to actively pursue claims against the non-diverse defendant. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846 2011 U.S. Dist. LEXIS 6541, at *50 (S.D. Tex. – Houston, Jan. 20, 2011) (citing *Griggs v. UPC Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). The Court should consider the following three factors in making such an inquiry: "[(1)] whether the defendant is merely minimally mentioned, [(2)] whether he was ever served, and [(3)] whether any actionable claims are specifically alleged against him." *Id.*

## SUFFICIENCY OF PLAINTIFF'S PLEADINGS

17.     Plaintiff's pleadings comply with the "fair notice" standard under the Texas Rules of Civil Procedure because Plaintiff has properly asserted colorable claims against HODGE as set forth in its Original Petition. Additionally, Plaintiff specified what was thought to be HODGE's actionable conduct separate and apart from that of COVINGTON.  *See* **Exhibit A** at 4-7.

18.     In short, Plaintiff's petition lists the insurance code violations originally thought to have been performed by HODGE and then sets forth the facts supporting the allegations.  The adjuster in this case was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim and preparing an estimate which adjusts the claim.

19.     To be clear - Defendant COVINGTON does not argue that Texas law does not recognize a cause of action against insurance adjusters.[2]  Rather, the basis for Defendant's

---

[2] Without question, it does. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) (holding that an independent insurance adjuster whom services insurance policies for an insurer "engages in the business of insurance" and can be held individually liable under the Texas Insurance Code).  Furthermore, recent case law has

improper joinder is that there is complete diversity and that the amount in controversy is over $75,000.00.  *See* Defendant's Notice of Removal, p. 2-3.  Due to the reasons stated above, Plaintiff's case should be remanded.

## ARGUING IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE OF COURT TO FILE AN AMENDED PETITION

20.	Arguing in the alternative, to the extent the Court finds that Plaintiff's Original Petition, which was first-filed in state district court, either (a) fails to meet the pleading sufficiency standards of the State of Texas or (b) fails to meet the pleading sufficiency standards under the Federal Rules, Plaintiff hereby seeks leave to amend his pleading to address any deficiencies identified by this Court.  In the context of 12(b)(6) motions, "the court should generally give the pleader at least one chance to amend under Rule 15(a) before dismissing the claim with prejudice."  *Lehman Bros. Holdings, Inc.*, 2009 U.S. Dist. LEXIS 77523 at *15; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the

---

confirmed that adjusters can be held individually liable because they fall under the definition of a "person" in the Texas Insurance Code. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*., 2011 U.S. Dist. LEXIS 6541 at * 50; *Dalton v. COVINGTON Lloyd's, Inc*., No. H-12-3004 2013 U.S. Dist. LEXIS 86490 at * 18-19 (S.D. Tex. – Houston, June 19, 2013). These decisions stated that:

> Because determining whether an adjuster may be found liable in his individual capacity for deceptive or misleading acts, [the] key here is the definition and nature of the work done by an "adjuster" according the Texas Insurance Code Ann. § 4101.001(a)(1), which in relevant part (emphUPCs added by the Court) provides

>> "[A]djuster" means an individual who:
>> (1) *investigates or* adjusts losses on behalf of an insurer as an independent contractor or as an employee of:
>> (A) an adjustment bureau;
>> (B) an association;
>> (C) a general property and casualty agent or personal lines property and casualty agent;
>> (D) *an independent contractor*;
>> (E) an insurer; or
>> (F) a managing general agent;

*Centro*, 2011 U.S. Dist. LEXIS 6541 at *48-49; *Dalton*, 2013 U.S. Dist. LEXIS 86490 at *20-21.

court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also*

*United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)

("Leave to amend should be freely given, and outright refusal to grant leave to amend without a

justification . . . is considered an abuse of discretion.") (internal citations omitted).  In the event

the Court finds that Plaintiff's petition is procedurally deficient, allowing Plaintiff to amend his

pleading will both serve justice and cause no harm to Defendant.  Fed. R. Civ. P. 15(a)(2) ("The

court should freely give leave when justice so requires.").

## CONCLUSION AND PRAYER

21.     Pursuant to 28 U.S.C. § 1441(b) this case should be remanded back to the District

State Court in Bexar County, where it was filed.  In the alternative, should the court have any

doubts about the necessity of remand, Plaintiff respectfully requests that it be given an evidentiary

hearing on the issue.  Plaintiff additionally prays for all other relief to which they are justly entitled.

Respectfully submitted,

PERRY DOMINGUEZ LAW FIRM PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:     (210) 570-2322


BY:     */s/Perry J. Dominguez*
        Perry J. Dominguez II
        State Bar No. 24055414
        perry@pdattorney.com


ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that I conferred with counsel for Defendants by email on November 6, 2017 regarding the Motion.  Attorney for Defendants opposed the Motion.

By:       *  /s/ Perry J. Dominguez*

Perry J. Dominguez, *Attorney-in-charge*
State Bar No. 24055414

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served in compliance with the Federal Rules of Civil Procedure through the CM/ECF filing system to:

Jane Haas
Joelle G. Nelson
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone (713) 659-6767
Facsimile (713) 759-6830

And

Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone (210) 562-2888
Facsimile (210) 562-2873

on this the 7th day of November, 2017.

*/s/ Perry J. Dominguez*

PERRY J. DOMINGUEZ, *Attorney in Charge*